UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SCOTTIE HODGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:25-CV-154 |
| | ) | |
| SULLIVAN COUNTY DETENTION | ) | Judge Curtis L. Collier |
| CENTER, *et al.*, | ) | Magistrate Judge Cynthia R. Wyrick |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

Pro se prisoner Plaintiff, Scottie Hodgin, filed a motion seeking to proceed *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 while he was housed at the Sullivan County Detention Center. (*See* Docs. 1, 5.) On August 21, 2025, the Clerk mailed Plaintiff a Notice advising him that Local Rule 83.13 imposed on him a duty to update the Court of any change in address within fourteen (14) days. (Doc. 3.) On September 26, 2025, the Clerk mailed Plaintiff an Order issued advising him of various litigation requirements, including his duty to keep the Court apprised of his address. (Doc. 6 ¶ 3.) That Order was returned as undeliverable on October 14, 2025. (Doc. 7.)

However, on or about October 24, 2025, Plaintiff submitted a letter to the Court and a notice that his address had changed to the Bledsoe County Correctional Complex ("BCCX"). (Doc. 8.) The Clerk updated Plaintiff's address of record. Then, on December 8, 2025, the Court entered an Order providing Plaintiff thirty (30) days within which to submit a certified copy of his inmate trust account for the previous six-month period as required to support his *in forma pauperis* application. (Doc. 9.) That Order was mailed to Plaintiff's updated address of record at the BCCX. On December 25, 2025, the envelope bearing that Order was marked "return to sender" due to an

insufficient address, and the mailing was returned to the Court on December 30, 2025. (Doc. 10.) More than fourteen (14) days have passed, and Plaintiff has not updated his address or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Plaintiff has willfully failed to provide the Court with the information necessary to correspond with him at the BCCX, despite the Court's express warnings that failure to do either could result in the dismissal of his case. (*See* Docs. 3, 6, 9.) And Plaintiff's failure to provide the Court with a full and proper mailing address leaves the Court without any means to communicate with Plaintiff or move this case forward. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for

2

Case 2:25-cv-00154-CLC-CRW   Document 11   Filed 01/21/26   Page 2 of 3   PageID #: 37

extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Applying these rules compels the Court to dismiss this action.

Further, Plaintiff's failure to submit the appropriate documents leaves the Court unable to address his motion to proceed as a pauper (Doc. 5), and this motion is **DISMISSED**. Accordingly, Plaintiff is **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).